# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

DOCKET NO. 3:98-cr-00050-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL MELTON, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THE MATTER is before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 510) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission. See United States Sentencing Commission Sentencing Guidelines, Amendment 706, as amended by Amendment 711 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 713 (making Amendment 706 retroactive, effective March 3, 2008). The Government responded in opposition to the motion (Doc. No. 514). The Court has reviewed Defendant's case to determine whether he is eligible for a sentence reduction. Although it appears—and the Government concedes—that Defendant is eligible for a sentence reduction, based upon consideration of the factors set forth in 18 U.S.C. § 3553(a), and the reasons supporting the initial sentence, the Court declines to grant the motion.

Defendant Michael Melton was indicted on March 2, 1998, and charged with: (1) conspiracy to possess with intent to distribute, and distribute, a quantity of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1); and (2) use and carry of a firearm during and in relation to a drug trafficking crime and aiding and abetting the same in violation of 18 U.S.C. § 924(c)(1) and (2). On

November 17, 1998, Defendant entered into a written plea agreement with the Government, pursuant to which he pleaded guilty to the above counts. The parties also agreed to stipulate that the amount of cocaine base that was known to or reasonably foreseeable by the Defendant was at least 500 grams but less than 1.5 kilograms.

It is uncontested that Defendant's original guideline range of imprisonment was between 262 and 327 months, to be followed by a mandatory consecutive sentence of sixty (60) months for the firearm count, based on an offense level of thirty-five (35) and a criminal history category of V as calculated by the Guidelines as they existed at the time of Defendant's sentencing. On April 7, 1999, the Court sentenced Defendant to be imprisoned for 144 months, eighty-four (84) months for the conspiracy count and sixty (60) for the firearm count. This greatly reduced sentence was the result of the Government's motion for downward departure based on substantial assistance. The Court departed downward thirteen (13) levels, from an offense level of thirty-five (35) to twenty-three (23). Defendant now requests that this Court reduce his sentence to 129 months.[1] Doing so would not only result in the immediate release of Defendant, who has been credited by the BOP for 141 months of imprisonment, but would also create a "credit" to be applied against any future sentence that the Court might later impose upon revocation of supervised release.

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been

---

[1]The offense level after the application of the retroactive amendment would be thirty-three (33), yielding a guideline range of 210 to 262 months. Section 1B1.10(b)(2)(A) would then allow the Court to impose a sentence that is "comparably less than the amended guideline range" in comparison with the original sentence. This calculation leads to an offense level of twenty-one (21) and an amended range of fifty-seven (57) to seventy-one (71) months. Defendant has calculated the appropriate sentence to be sixty-nine (69) months, which, when coupled with the mandatory sixty (60) month sentence for the 924(c) offense, leads to a sentence of 129 months.

lowered by the Sentencing Commission," upon motion of the defendant or upon its own motion, the court *may* reduce the term of imprisonment, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. The text of § 1B1.10, as amended, makes clear in subsection (a)(3) that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Id. § 1B1.10(a)(3). In the Commentary to § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is a discretionary decision, making clear that defendants are not entitled to such reductions as a matter of right: "The authorization of such a *discretionary reduction* . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." Id. Background Commentary (emphasis added); see also U.S.S.G. § 1B1.10(a)(1) (indicating that the Court "*may* reduce the defendant's term of imprisonment") (emphasis added).

The full record before the Court, including the original Presentence Report, indicates that Defendant and his fellow co-conspirators had, over a ten-year period, distributed in excess of 100 to 200 kilograms of cocain base in and around the greater Morven community of Anson County, North Carolina. This staggering amount of cocaine base was usually passed through an area in Morven known as "The Dungeon," which consisted of a trailer park and car wash off of Highway 52. Defendant's role in this widespread conspiracy was particularly troublesome in that he was known as the "enforcer." In his role as the conspiracy's enforcer, Defendant was often armed with handguns while he assisted in the distribution of crack cocaine.

It is both the lengthy span of this particular conspiracy and Defendant's violent role within it that give the Court pause. For ten years, Defendant distributed crack cocaine with the reputation

3

of being an armed enforcer. These facts convince the Court that Defendant's sentence of 144 months is adequate, but no greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a), while a reduction in that sentence would frustrate those objectives.[2]

Therefore, the Court finds that, under the facts and circumstances of this case, and in consideration of the relevant sentencing factors at § 3553(a), the original sentence is, and remains, appropriate and that no adjustment is warranted in this case. Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.　　　　　　　　　　Signed: April 17, 2008

Frank D. Whitney
United States District Judge

---

[2] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000); see also United States v. Foster, No. 07-7066, 2007 WL 4284675, at *1 (4th Cir. December 7, 2007); United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).